UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Van Nguyen,<br><br>                              Plaintiff,<br><br>vs.<br><br>Patricia Foley, in her individual and official capacity, Jody Alholina, in her individual and official capacity, Nancy Martin in her individual and official capacity, Charles R. Vig in his individual and official capacity, Keith B. Anderson, in his individual and official capacity, Rebecca Crooks-Stratton, in her individual and official capacity, and<br>Cole W. Miller, in his individual and official capacity,<br><br>                              Defendants. | Civil No. 0:21-cv-00991 (ECT-TNL)<br><br>**COMMUNITY DEFENDANTS'**<br>**MEMORANDUM IN SUPPORT OF**<br>**MOTION FOR ATTORNEYS' FEES** |

1

## INTRODUCTION

The Community Defendants (Foley, Martin, Vig, Anderson, Crooks-Stratton and Miller) submit this memorandum in support of their motion seeking attorneys' fees as the prevailing party in this action, under 42 U.S.C. § 1988. Because Plaintiff Nguyen's 42 U.S.C. § 1983 claim was frivolous, unreasonable, or without foundation, the Community is entitled to its reasonable fees caused by Nguyen bringing the Section 1983 claim. In total, the Community Defendants seek an award of $21,510.50.

## ARGUMENT

**I.   THE COMMUNITY DEFENDANTS ARE ENTITLED TO FEES UNDER 42 U.S.C. § 1988 BECAUSE THE PLAINTIFF BROUGHT A FRIVOLOUS CLAIM UNDER 42 U.S.C. § 1983**

42 U.S.C. § 1988 provides that the prevailing party in a claim brought under 42 U.S.C. § 1983 can recover its reasonable attorneys' fees. *Fox v. Vice*, 563 U.S. 826, 832-33 (2011). Case law dictates that Section 1988 "authorizes a district court to award attorney's fees to a defendant upon finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id.* at 833 (quotation omitted). As the Court stated in its opinion dismissing Plaintiff's Section 1983 claim, "Nguyen has identified no colorable legal or factual justification for these claims, and a finding that Nguyen's § 1983 claims are frivolous therefore appears warranted." (ECF No. 42 at 17, n.7). The Court's analysis is correct.

To state a Section 1983 claim, the plaintiff must allege that the defendants were acting under the "color of state law" at the time of the purported infringement of federal constitutional rights. 42 U.S.C. § 1983. Nguyen was fully aware of the legal requirements

1

necessary to state a Section 1983 claim—he laid them out in his Amended Complaint, including notably the requirement that the Community Defendants "act under color of state law." (Am. Compl. ¶134 ("In order to state a claim under Section 1983, a plaintiff must allege . . . the commission of the deprivation by a person acting under color of state law."))

The state action requirement in a Section 1983 claim is satisfied when the party charged with an alleged constitutional deprivation "may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982). By long precedent, a defendant does not meet the state-actor requirement when he or she is acting under a different government's laws, in particular as relevant here, tribal law, in connection with the alleged federal constitutional violation. *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989) ("This court has since held …that actions under section 1983 cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of tribal law."); *Coleman v. Duluth Police*, No. 07-473 (DWF/REL), 2009 WL 921145, at *23 (D. Minn. Mar. 31, 2009) ("[N]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law."); *Wells v. Philbrick*, 486 F. Supp. 807, 809 (D.S.D. 1980) ("[I]t has been repeatedly held that actions taken under tribal law do not give rise to a § 1983 suit.").

As the Court found, Nguyen made no plausible allegation in his Amended Complaint that the Community Defendants were acting under state law in their conduct vis a vis him. Nguyen alleges that all of the Community Defendants were tribal

2

employees or officials performing their duties under tribal law after being hired by the Community (the two Department of Children and Family Services ("Department") employees) or elected by the Community under tribal law (the Business Council members). (Compl. ¶¶6-12, 47, 80, 126 ("SMSC Tribal Court or SMSC Child and Family Services, under the direction of Defendant Martin and with knowledge of Defendants Martin, Alholinna and Foley, took no action."), 168 ("Ms. Foley, acting on behalf of the Tribal Government, denied Plaintiff his right from unreasonable search and seizure . . . ."), 169 ("Ms. Foley, acting on behalf of the Tribal Government, denied Plaintiff the equal protection of the law without due process . . . ."), 172 ("Defendants Vig, Anderson, Crooks-Stratton and Miller, acting on behalf of the SMSC Business Council, have intentionally deprived Plaintiff of the equal protection of its laws and deprived Plaintiff of his liberty without due process of law.")). ***None*** of their actions was taken based on authority given to them by the state of Minnesota and none of them can be said to be state actors.

Nguyen vaguely alleged that the "state actor" requirement was satisfied "due to the federal, state and local policy of transferring custody cases to the SMSC Tribal Court[.]" (Compl. ¶¶137, 150). Nguyen's assertion has multiple fatal flaws. First, Nguyen did not allege a transfer of a child custody case to the Tribal Court. Nguyen's allegations against defendants Foley and Martin (and the GAL) pertain to a 2014-2015 child welfare proceeding that was, he alleges, initiated by Department employee Foley. (Compl. ¶47). Second, Nguyen never identifies in either his complaints or his briefs what the source of the purported state policy is. If it refers to the Minnesota Department of Human Services

3

Indian Child Welfare Manual (the "Manual"),[1] the Manual does not apply to the Department—much less make tribal employees state actors. The Manual applies to local "county social service agencies and private child-placing agencies," not the Community or its agencies. Manual at 5; *see also Watso v. Lourey*, 929 F.3d 1024, 1026 (8th Cir. 2019) ("The Indian Child Welfare Manual (the Manual) of the Minnesota Department of Human Services instructs local social service agencies to refer proceedings involving the welfare of tribal-member children . . . ."). Third, Nguyen's allegations cannot apply to the Defendants who are members of the Community Business Council, which per Nguyen "is responsible for the day-to-day operations of the tribe" (Am. Compl. ¶4), because they issued no-trespass notices (the source of any alleged wrong committed by them against Nguyen) independently of any custody case. Because Nguyen could not even plead, much less prove, that the Community Defendants acted under color of state law, the claim was frivolous, unreasonable, or without foundation.

Moreover, Nguyen sued the Community Defendants under Section 1983 in their official capacity. But even if he pleaded or proved that the Community Defendants acted under color of state law, courts treat claims against government officials and employees in their official capacity as claims against the government/sovereign itself. *See McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 785 n.2 (1997) ("A suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent." (quotation omitted)). And a sovereign, such as the Community, is not a

---

[1] The Manual is available at dhs16_157701.pdf (state.mn.us).

4

"person" under Section 1983. *See Vt. Agency of Nat. Res. v. U.S. ex. rel. Stevens*, 529 U.S. 765, 779 (2000) (noting longstanding interpretive presumption that "person" does not include a sovereign); *Confederated Tribes of Colville Reservation v. Anderson*, 903 F.Supp.2d 1187, 1195 (E.D. Wash. 2011) (holding tribes are not "persons" under Section 1983). Thus, all of the official capacity claims against the Community Defendants were frivolous, unreasonable, and without foundation irrespective of the state actor requirement.

## II.  THE COMMUNITY DEFENDANTS ARE ENTITLED TO THE REASONABLE FEES CAUSED BY THE SECTION 1983 CLAIM

The issue of what fees may be awarded under Section 1988 in connection with a frivolous Section 1983 claim when a plaintiff also brought multiple other claims was decided by the Supreme Court in *Fox*: "Section 1988 allows a defendant to recover reasonable attorney's fees incurred because of, but only because of, a frivolous claim." 536 U.S. at 836. Said differently, "Section 1988 permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim." *Id.* The "but-for" standard articulated in *Fox* "may in some cases allow compensation to a defendant for attorney work relating to both frivolous [Section 1983 claims] and non-frivolous [(or non-fee shifting)] claims." *Id.* at 837.

In performing this analysis, the Supreme Court has instructed that the parties should not engage in "a second major litigation." *Id.* at 838. Further, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."

5

*Id.* Thus, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

Based on *Fox*, the Community Defendants seek only the fees that were incurred because of, and only because of, the frivolous Section 1983 claim. That includes the $5,043.50 in fees that were incurred solely in connection with defending the Section 1983 claim. (*See* R. Duncan Decl. Ex. A). And it includes one-fifth of the fees incurred in connection with tasks including drafting the motion to dismiss, reviewing background materials related to the case, analyzing the amended complaint, and preparing for and attending oral argument, which cost more and took more time because of the presence of the frivolous Section 1983 claim in the case. (*See* R. Duncan Decl. Ex. B). The Community Defendants seek $11,967 in fees for those general tasks. (*See* R. Duncan Decl. Ex. B).

Further, "[a] party moving for attorneys' fees may also recover fees for the time expended in filing a motion for attorneys' fees." *United States v. Boston Scientific Corporation*, 2021 WL 4030274, at *9 (D. Minn. Sept. 3, 2021). As such, the Community Defendants seek $4,500 in connection with its preparation of this Motion, (R. Duncan Decl. Ex. C), an amount less than half of the book rate for the fees incurred in its preparation.

In total, the Community Defendants seek $21,510.50 in fees from Plaintiff.

6

## III.   THE COMMUNITY DEFENDANTS' REQUESTED FEES ARE REASONABLE

District courts have broad discretion in awarding attorney's fees. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). "Where attorney fees are appropriate, courts typically use the 'lodestar' method for calculating a reasonable award." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018). "The lodestar is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Id*. (quotation omitted).

### A.   The Community Defendants' Seek Fees for Reasonable Hourly Rates

"[A] reasonable hourly rate generally means the ordinary fee for similar work in the community." *Little Rock Sch. Dist. v. State Ark. Dep't of Educ.*, 674 F.3d 990, 997 (8th Cir. 2012) (quotation marks and citations omitted). "Sometimes, where particular legal specialization is required, courts may consider a national billing rate." *In re RFC*, 399 F. Supp. 3d 827, 846 (D. Minn. 2019) (citing *Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993)). The Court may rely on its own experience and knowledge of prevailing market rates to determine whether the rates sought are reasonable. *See Hanig*, 415 F.3d at 825.

Faegre Drinker Biddle & Reath represented the Community Defendants in this suit. The lawyers for Faegre and the rates they charged for this case include: $885 for partner Rick Duncan (33 years of experience); $560 for associate Josh Peterson (6 years of experience); 460 for associate Bethany Davidson (3 years of experience); $435 for associate Sarah Vandelist (first year after a judicial clerkship). (R. Duncan Decl. ¶7). All four of the lawyers are members of Faegre's nationally recognized federal Indian law

7

team. (R. Duncan Decl. ¶¶ 3-6). They are all located in Faegre's local office in Minneapolis and work for clients located in Minnesota, including the Community Defendants. (R. Duncan Decl. ¶¶ 7-8).[2]

Mr. Duncan has taught federal Indian law at the University of Minnesota Law School and numerous continuing legal education courses on the subject. (R. Duncan Decl. ¶3). He has published numerous articles on topics in Indian law. (*Id.*) Mr. Duncan has also been recognized by Chambers USA, Best Lawyers, and Minnesota Super Lawyers for his work in federal Indian law. (*Id.*). Mr. Peterson has been recognized as a "Rising Star" by the Minnesota Super Lawyers. (R. Duncan Decl. ¶4). He has also taught continuing legal education courses in federal Indian law. (*Id.*). A more detailed description of the lawyers' backgrounds is included in Mr. Duncan's declaration attached to this motion. The rates charged by all of the lawyers are reasonable, particularly given their expertise in federal Indian law, which they used to successfully obtain dismissal of Plaintiff's Section 1983 claim. (R. Duncan Decl. ¶8).

Further, the Community Defendants submit the declaration of Skip Durocher, a partner who heads the federal Indian law group at the peer firm of Dorsey & Whitney, in support of this Motion. As Mr. Durocher attests, the rates of the Community Defendants' counsel are reasonable based on their experience, expertise, and the subject matter of the claim. (Durocher Decl. ¶7).

---

[2] Because of the way the case was staffed, recovery is not sought related to the dismissal of the frivolous Section 1983 claim for any time incurred by Ms. Davidson

### B. The Community Defendants Seek Fees for a Reasonable Number of Hours

In calculating the lodestar, courts should exclude time that is "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Community Defendants seek fees in connection with 46.6 hours of work by the four attorneys. (R. Duncan Decl. ¶12). As stated above and described in Exhibits A through C to Mr. Duncan's declaration, those hours were incurred because of, and only because of, the frivolous Section 1983 claim. (R. Duncan Decl. ¶9). The Community Defendants seek fees for hours and at rates which were actually paid for, and any discount to rates is reflected in the amount requested. Mr. Duncan exercised "billing judgment" in reviewing the fees sought and is not seeking all of the fees incurred in this matter, so as to avoid any assertion of the Community Defendants seeking "excessive, redundant, or otherwise unnecessary" fees.

## **CONCLUSION**

The Court should award the Community Defendants' reasonable fees incurred because of Nguyen's frivolous Section 1983 claim.

Dated:  November 11, 2021        *s/ Richard A. Duncan*
Richard A. Duncan (#192983)
Josh Peterson (#0397319)
Sarah Vandelist (#0400801)
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center
90 S. Seventh St.
Minneapolis, MN 55402
612-766-7000
Richard.duncan@faegredrinker.com
Josh.peterson@faegredrinker.com
Sarah.vandelist@faegredrinker.com

Attorneys for Defendants Patricia Foley, Nancy Martin, Charles R. Vig, Keith B. Anderson, Rebecca Crooks-Stratton, and Cole Miller

US.135276178.01