UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Van Nguyen. <br><br> Plaintiff, <br><br> vs. <br><br> Patricia Foley, in her individual and official capacity, Jody Alholina, in her individual and official capacity, Nancy Martin in her individual and official capacity, Charles R. Vig in his individual and official capacity, Keith B. Anderson, in his individual and official capacity, Rebecca Crooks-Stratton, in her individual and official capacity, and Cole W. Miller, in his individual and official capacity, <br><br> Defendants. | Civil No. 0:21-cv-00991 (ECT-TNL) |

**DECLARATION OF RICHARD A. DUNCAN IN SUPPORT OF COMMUNITY DEFENDANTS' MOTION FOR FEES AND COSTS**

1.  I am a partner with the law firm of Faegre Drinker Biddle & Reath LLP and am admitted to practice before this Court.

2.  I along with Josh Peterson, Bethany Davidson and Sarah Vandelist represent Defendants Patricia Foley, Nancy Martin, Charles Vig, Keith B. Anderson, Rebecca Crooks-Stratton, and Cole W. Miller, each in their individual and official capacities ("Community Defendants"), in the above-captioned action.

3.  I have represented Indian tribes, tribal officials, employees, and judges for 30 years in a wide variety of actions in federal, state and tribal courts. Among other matters, I have litigated issues of tribal sovereign immunity and the applicability of

1

federal and state statutes to Indian tribes and Indian country. I have taught federal Indian law at the University of Minnesota Law School and in continuing legal education courses, and have published numerous articles on topics in Indian law and been recognized in publications such as "Best Lawyers in America" in Indian law.

4. Josh Peterson is a senior associate at Faegre. Since he started with Faegre, he has represented Indian tribes, tribal officials, employees, and judges. He has litigated cases involving complex federal Indian law jurisprudence, including cases regarding tribal sovereign immunity as well as tort claims and statutory-based claims against tribal employees and officials. Mr. Peterson has taught continuing legal education courses over the last few years regarding federal Indian law for the Minnesota American Indian Bar Association and the Federal Bar Association. He has also been recognized as a rising star by Super Lawyers in the area of federal Indian law.

5. Bethany Davidson is an associate at Faegre. She has been part of Faegre's federal Indian law transaction and litigation team since she was a summer associate at the firm in 2017. While at Faegre, Ms. Davidson has worked on a number of federal Indian law transaction and litigation matters.

6. Sarah Vandelist is an associate at Faegre. She has been part of Faegre's federal Indian law litigation team since she was a summer associate at the firm in 2018 and then clerked at the firm for a full year before becoming a clerk for the Minnesota Supreme Court for Justice Lillehaug. While at Faegre, as both a law clerk and associate, Ms. Vandelist has worked on a number of federal Indian law matters.

7. The Minneapolis-based Faegre team that represented the Community Defendants charged the following hourly rates: $885 for myself, $560 for Josh Peterson, $460 for Bethany Davidson, and $435 for Sarah Vandelist. To the extent those fees were discounted in any way, such discounts are reflected in the amount of fees sought.

8. The rates charged by the Faegre lawyers are market rate for the Minneapolis geographic market and are reasonable given the expertise required in the field of federal Indian law.

9. Attached as Exhibit A through C are true and accurate copy of time entries that the Faegre team billed in this matter.

9. The entries in Exhibits A through B are Faegre's best estimation of fees incurred and hours spent because of, and only because of, Nguyen's bringing of a Section 1983 claim.

10. There are two types of entries for time expended before Nguyen's claims were dismissed. The first type, shown in Exhibit A, are entries that expressly mention Section 1983 the second type, shown in Exhibit B, are entries for general case development that were more costly and took longer because of, and only because of, Nguyen's bringing of a Section 1983 claim. In total, the Community Defendants $5,043.50 of the first type and $11,967 of the second.

11. The Community Defendants also seek $4,500 in fees expended in connection with preparing this motion and related papers, shown in Exhibit C, an amount less than half the book rate for the fees incurred in preparation of the motion.

12. In total, the Community Defendants seek compensation for 46.6 hours of work by the four attorneys and $21,510.50 in fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of November, 2021 in Minneapolis, Minnesota.

/s/ Richard A. Duncan

Richard A. Duncan

US.135276249.01